[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: March 24, 1995 Date of Application: March 24, 1995 Date Application Filed: March 24, 1995 Date of Decision: September 23, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Litchfield, Docket Number CR91-73049.
Richard Cosgrove, Esq., Defense Counsel, for Petitioner.
Frank S. Maco, Esq., Assistant State's Attorney, for the State.
John Tolhus, petitioner, conspired with two others to commit an armed robbery of an armored car. During the course of the robbery, one of the armored car guards was shot and killed as was a co-conspirator of petitioner.
The petitioner pled guilty to felony murder, conspiracy to commit robbery in the first degree and kidnapping in the first degree. The plea agreement was that the State would recommend 50 years incarceration and would bring to the sentencing court's attention the cooperation and testimony of the petitioner in the trial of a co-conspirator. The petitioner had a right to argue for a lesser sentence. The court sentenced the defendant to 50 years incarceration execution suspended after 35 years to serve and a period of probation. CT Page 11497
The petitioner stressed his cooperation from the time of his immediate apprehension and agreement to testify against a co-conspirator.
The petitioner did testify at the co-conspirator's trial. The co-conspirator's trial ended with a hung jury. After the mistrial, the co-conspirator entered pleas of guilty to lesser charges and the co-conspirator was sentenced to 40 years incarceration execution suspended after serving 20 years incarceration followed by a period of probation.
The petitioner does not argue that he did not receive what he bargained for, but claims, in light of his consistent cooperation and truthful testimony in the trial of the co-conspirator, that petitioner's sentence should be more commensurate with that of the co-conspirator, more specifically in the range of the mandatory minimum 25 years to serve (50 years execution suspended after 25 years to serve incarcerated to be followed by a period of probation).
Counsel for petitioner emphasized his client's remorse over the incident and related that petitioner has a family who is fully supportive of the petitioner.
The petitioner spoke at the hearing. The petitioner indicated his profound remorse over the incident that he at all times after apprehension tried to tell the truth and that at all times he tried to do everything he could for the victim's family.
The state's attorney countered by relating that the petitioner's sentencing was delayed until after the co-conspirator's case was resolved and that the petitioner "stood in different evidentiary shoes" than the co-conspirator. The state's attorney further related that the petitioner had "tainted his own credibility" and "had compromised his effectiveness from the time of his plea."
The state's attorney emphasized that the defendant received what he bargained for.
The court had all the relevant information before it before it pronounced sentence. The court remarked:
"This crime shows the total disregard for human CT Page 11498 life that has become an everyday occurrence in our society. The armed robbery that resulted in (the guard's) death was carefully orchestrated, plotted over a long period of time by George Dion (the co-defendant who was killed in the incident) and Mr. Tolhus and perhaps for a lesser period by Gary Dion (the co-defendant). They observed and stalked that armored car as hounds pursue a fox. Mr. Tolhus may not have intended that anyone would die in this robbery. But he knew full well that George Dion had a gun, was going to draw that gun, and that in any armed robbery the risk of shooting is great. He chose freely to accept that risk and all that it entailed.
The court had all relevant information before it and the court imposed the sentence, as indicated, taking all factors into consideration.
The scope of review of this panel is a limited one. Pursuant to Practice Book Section 942, "The division shall review the sentence imposed and determine whether the sentence should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
Considering all these factors, the sentence imposed by the court is neither inappropriate or disproportionate.
The sentence is affirmed.
Klaczak, J.
Norko, J.
Miano, J.
Klaczak, J., Norko, J., and Miano, J. participated in this decision. CT Page 11499